**Royal Bradford KEIFE, on behalf of himself and all others similarly situated, Plaintiff–Appellant,**

v.

**METROPOLITAN LIFE INSURANCE COMPANY, Defendant–Appellee.**

**Brenda J. Simon, on behalf of herself and all others similarly situated, Plaintiff–Appellant,**

v.

**Metropolitan Life Insurance Company, Defendant–Appellee.**

**Nos. 13–15531, 13–15562.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 9, 2015.

Filed June 12, 2015.

Curtis Brent Coulter, Esquire, Law Offices of Curtis B. Coulter, P.C., Matthew

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

L. Sharp, Esquire, Matthew L. Sharp, Ltd., Reno, NV, Amy L. Hunt, Ronald Parry, Strauss Troy, Cincinnati, OH, for Plaintiff–Appellant, Royal Bradford Keife.

John A. Yanchunis, Morgan & Morgan, PA, Tampa, FL, Tod Aronovitz, Barbara Perez, Andrew Zelman, Esquire, Aronovitz Law, Miami, FL, Alfred Denowitz, Counsel, Alfred P. Denowitz, PA, Plantation, FL, Melanie Hill, Law Office of Melanie Hill, Las Vegas, NV, for Plaintiff–Appellant, Brenda J. Simon

Molly Malone Rezac, Gordon Silver, Reno, NV, Phillip Edward Stano, Esquire, Steuart Hill Thomsen, Gerin Brendan Ballard, Sutherland Asbill & Brennan LLP, Washington, DC, for Defendant–Appellee.

Before: SILVERMAN, GOULD, and HURWITZ, Circuit Judges.

## MEMORANDUM [*]

Plaintiffs Royal Bradford Keife and Brenda J. Simon appeal the district court's entry of summary judgment in favor of Defendant Metropolitan Life Insurance Company in Plaintiffs' consolidated putative class action. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we AFFIRM.

We review a district court's grant of summary judgment *de novo*. *Fichman v. Media Ctr.*, 512 F.3d 1157, 1159 (9th Cir. 2008). In the present case, Plaintiffs bring a sole cause of action against MetLife for breach of contract. "Under Nevada law,

[*] This disposition is not appropriate for publication and is not precedent except as provided

'the plaintiff in a breach of contract action [must] show (1) the existence of a valid contract, (2) a breach by the defendant, and (3) damage as a result of the breach.' " *Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 899 (9th Cir.2013), *cert. denied,* —— U.S. ——, 134 S.Ct. 2819, 189 L.Ed.2d 785 (2014) (quoting *Saini v. Int'l Game Tech.*, 434 F.Supp.2d 913, 919–20 (D.Nev.2006)).

Even assuming that MetLife breached the terms of the Federal Employees' Group Life Insurance Policy by paying the death benefits due by way of a retained asset account instead of a lump-sum check, Plaintiffs have failed to present sufficient facts establishing that they have suffered any damages as a result of that alleged breach. Therefore, the district court properly entered summary judgment against Plaintiffs on their claim for breach of contract. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

**AFFIRM.**